IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| XATA Corporation,<br><br>    Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>PJC Logistics, LLC,<br><br>    Defendant and Counterclaim Plaintiff. | Case No. 0:11-cv-00871-ADM-JMM<br><br>**ANSWER AND COUNTERCLAIM**<br><br>**JURY TRIAL DEMANDED** |

Defendant PJC Logistics, LLC ("PJC"), for its Answer and Counterclaim to the Complaint of Plaintiff XATA Corporation ("XATA"), states and alleges as follows:

1. This action arises under the Patent Laws of the United States, 35 U.S.C. §§1, et seq., and the Declaratory Judgment Act, 28 U.S.C. §§2201(a) and 2202.

**ANSWER:** PJC admits that this is a civil action for a declaratory judgment pursuant to 28 U.S.C. § 2201 with respect to an actual controversy arising under the Patent Laws of the United States.

2. Jurisdiction and venue are founded on 28 U.S.C. §§1331, 1338(a) and 1391(b).

**ANSWER:** PJC acknowledges that XATA purports to bring an action under the Patent Laws of the United States and under the Declaratory Judgment provisions of 28 U.S.C. §§ 2201 and 2202.  PJC admits that the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) and the Declaratory Judgment Act.  PJC admits that this Court has personal jurisdiction over PJC for this case only.  However, PJC denies that this is the appropriate venue

for this action, in light of the first-filed action on this patent in the United States District Court for the Northern District of Texas.

3. XATA is a Minnesota corporation with its principal place of business at 965 Prairie Center Drive, Eden Prairie, Minnesota 55344.  Beginning in 1989, and continuing to present day, XATA develops, manufactures and markets mobile fleet management systems for trucks, vans or other vehicles, including under the name XATANET, XAM, Turnpike, and Mobile Max.  XATA sells these mobile fleet management systems to customers located in Minnesota and to customers who use those products in Minnesota.

**ANSWER:** PJC admits that XATA is a Minnesota corporation with its principal place of business at 965 Prairie Center Drive, Eden Prairie, Minnesota 55344.   PJC further admits that XATA develops, manufactures and markets mobile fleet management systems for trucks, vans or other vehicles, including under the name XATANET, XAM, Turnpike, and Mobile Max. PJC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and averments of this paragraph.

4. Defendant PJC Logistics, LLC ("PJC Logistics") is a limited liability corporation organized under the laws of Texas with its principal place of business at 777 Enterprise Drive, Hewitt, Texas 76643.

**ANSWER:** PJC admits that it is a limited liability company organized under the laws of Texas with its principal place of business at 777 Enterprise Drive, Hewitt, Texas 76643.

5. PJC Logistics is the alleged owner by assignment of United States Patent No. 5,223,844, issued on June 29, 1993, to John P. Mansell and William M. Riley ("the '844 Patent"). The '844 Patent is entitled "Vehicle Tracking and Security System."

**ANSWER:** PJC admits it is the owner by assignment of the '844 Patent, which is entitled "Vehicle Tracking and Security System."

6. Between March 16, 2011, and March 29, 2011, PJC Logistics filed nine Complaints in nine United States District Courts alleging among other things, that over 30 customers of XATA's mobile fleet management systems are infringing the '844 Patent, at least in part due to their use of mobile fleet management systems supplied by XATA.

**ANSWER:** PJC admits it filed nine Complaints in nine United States District Courts alleging infringement of the '844 Patent.  PJC is without knowledge or information sufficient to form a belief as to how many of the defendants in the infringement actions are customers of XATA's mobile fleet management systems.

7. PJC Logistics filed one of its complaints (the "PJC Minnesota Complaint") in this District against numerous defendants (the "Minnesota Customer Defendants").  The action in this District is captioned <u>PJC Logistics, LLC v. Anderson Trucking Service, Inc., et al.</u>, No. 0:11-cv-675-ADM-JJG (D. Minn.). PJC Logistics alleges in its Minnesota Complaint that vehicles of each of the Minnesota Customer Defendants operate in Minnesota while using purportedly infringing mobile fleet management systems.  At least 4 current customers of XATA's mobile fleet management systems have been named as defendants by PJC Logistics in the PJC Minnesota Complaint, including Dedicated Logistics, Inc., Ruan Transportation, Weinrich Truck Lines and Wilson Trucking.  XATA has received requests for indemnification from at least some of these Minnesota Customer Defendants.

**ANSWER:** PJC admits filing a complaint in the District of Minnesota alleging that vehicles of each of the Minnesota Customer Defendants operate in Minnesota while using infringing mobile fleet management systems.  PJC admits the action in Minnesota is captioned

<u>PJC Logistics, LLC v. Anderson Trucking Service, Inc., et al.</u>, No. 0:11-cv-675-ADM-JJG (D. Minn.).  PJC is without knowledge or information sufficient to form a belief as to the remaining allegations or averments in Paragraph 7 of XATA's Complaint.

8.  By filing suit for infringement of the '844 Patent in this District, PJC Logistics has become subject to personal jurisdiction in this Court for this action.

**ANSWER:** PJC admits this Court has personal jurisdiction over PJC.

## **COUNT FOR DECLARATORY JUDGMENT**

9.  The allegations contained in paragraphs 1 through 8 are repeated and realleged as if fully set forth herein.

**ANSWER:** PJC incorporates by reference herein its responses to the preceding paragraphs of the Complaint.

10.  The '844 patent is invalid for lack of novelty as defined in 35 U.S.C. §102.

**ANSWER:** Denied.

11.  The '844 patent is invalid under 35 U.S.C. §103, because the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention was made to a person having ordinary skill in the art to which said subject matter pertains.

**ANSWER:** Denied.

12.  The '844 patent is invalid for failure to satisfy the requirements of 35 U.S.C. 112.

**ANSWER:** Denied.

13.  XATA is not infringing and has not infringed the '844 patent, either directly, by way of inducement or contributorily, or under the doctrine of equivalents.

**ANSWER:** Denied.

14. By virtue of the foregoing, there is a continuing justicible [*sic*] controversy between XATA and PJC Logistics as to the validity, infringement and scope of the '844 patent, and as to XATA's right to make, sell or use its fleet management systems.

**ANSWER:** PJC admits there is a continuing justiciable controversy between XATA and PJC as to the validity, infringement and scope of the '844 patent, and as to XATA's right to make, sell or use its fleet management systems.

## COUNTERCLAIM

PJC, for its Counterclaim against XATA Corporation, states and alleges as follows:

### Parties

1. PJC Logistics, LLC ("PJC") is a limited liability company organized under the laws of Texas with its principal place of business at 777 Enterprises Drive, Hewitt, Texas 76643.

2. Upon information and belief, and as averred in its Complaint, XATA Corporation is a Minnesota corporation with its principal place of business at 965 Prairie Center Drive, Eden Prairie, Minnesota 55344.

### Nature of the Counterclaim

3. This is a counterclaim for infringement of U.S. Patent No. 5,223,844 ("the '844 Patent").

4. PJC is the assignee and owner of the right, title and interest in and to the '844 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

**Jurisdiction and Venue**

5. This action arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq.* This Court has subject matter jurisdiction over this controversy based on 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over XATA because XATA has submitted to the jurisdiction of the Court by the filing of its Complaint in this case.

7. This Court has personal jurisdiction over XATA because its principal place of business is in Minnesota and it transacts business in the state of Minnesota and regularly contracts to supply goods and services in the state of Minnesota.

8. Venue is proper under 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400. However, in light of the first-filed action on the patent-in-suit in the United States District Court for the Northern District of Texas, that Court is the more appropriate venue for this action.

9. XATA has knowingly and intentionally engaged in the manufacture, use distribution, sale and offer for sale and/or import of fleet management and tracking systems and/or services that infringe the patent in suit, as is alleged below. XATA uses, and/or directs, induces or instructs its agents, employees, customers, or contracting entities to use electronic position-based fleet management and tracking systems and services that infringe the patent in suit, as is alleged below. On information and belief, XATA conducts business in this Judicial District and has committed acts of patent infringement in this Judicial District including, *inter alia,* importing, making, using, offering for sale, and/or selling infringing electronic position based fleet management and tracking systems and/or services in this Judicial District. On information and belief, XATA has knowingly and actively contributed to infringement and/or has induced others to commit such acts of infringement in this Judicial District.

**Counterclaim:  Infringement of U.S. Patent No. 5,223,844**

10. Paragraphs 1 through 9 are incorporated herein by reference and realleged.

11. PJC is the lawful owner, by assignment, of the entire right, title and interest in U.S. Patent No. 5,223,844, entitled "Vehicle Tracking and Security System," which was duly and legally issued on June 29, 1993, by the United States Patent & Trademark Office.  A true and correct copy of the '844 patent is attached as Exhibit A.

12. Without license or authorization, XATA is and has been knowingly and intentionally directly and indirectly infringing the '844 Patent, and contributing to and actively inducing the infringement of said patent by others in the United States, by making, using, selling, offering for sale and/or importing in the United States, including within this judicial district, certain electronic fleet management systems that embody the inventions claimed in the '844 Patent.  Such acts constitute infringement under at least 35 U.S.C. §§ 271(a), (b), and (c).

13. XATA has had knowledge of and/or been aware of the '844 Patent since at least April 5, 2011, when, in a letter sent via certified mail, PJC informed XATA of its infringement of the '844 Patent and requested that XATA license the '844 Patent in order to mitigate its continued infringement.

14. Upon information and belief, XATA's infringement of the '844 Patent has been and continues to be willful and deliberate.

15. As a result of XATA's infringement of the '844 Patent, PJC has suffered loss and damage, and is entitled to an award of damages from XATA, the precise amount to be determined at trial but in no event less than a reasonable royalty.

16. Without license or authorization, XATA is and has been knowingly and intentionally directly and indirectly infringing the '844 Patent, and contributing to and actively inducing the infringement of said patent by others in the United States, by making, using, selling, offering for sale

7

and/or importing in the United States, including within this judicial district, certain electronic fleet management systems that embody the inventions claimed in the '844 Patent. Such acts constitute infringement under at least 35 U.S.C. § § 271 (a), (b), and (c).

17. XATA has had knowledge of and/or been aware of the '844 Patent since at least April 8, 2011 when XATA filed a Complaint for Declaratory Judgment against PJC.

18. On information and belief, XATA's infringement of the '844 Patent has been and continues to be willful and deliberate.

## PRAYER FOR RELIEF

WHEREFORE, PJC prays for entry of judgment against XATA as follows:

1. Dismissing XATA's Complaint with prejudice and on the merits;

2. Awarding PJC damages not less than a reasonable royalty for XATA's infringement of the '844 Patent as alleged in PJC's counterclaim, the precise amount to be determined at trial;

3. Declaring that XATA has infringed and is infringing, directly or indirectly, the '844 Patent, and find such infringement willful;

4. Permanently enjoining XATA, its officers, agents, servants, employees, attorneys, successors, assigns, and anyone acting in concert therewith or on its behalf, from infringing the '844 Patent, pursuant to 35 U.S.C. § 283;

5. Awarding PJC interest and costs pursuant to 35 U.S.C. § 284;

6. Increasing any and all damages awarded to PJC, pursuant to 35 U.S.C. § 284, for the willful acts of infringement complained of herein;

7. Trebling of damages in view of the willful and deliberate nature of XATA's infringement of the patent at issue in this litigation;

8. Awarding PJC reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

9. Granting PJC such other and further relief as this Court may deem just and equitable.

**PJC DEMANDS A JURY TRIAL AS TO ALL ISSUES SO TRIABLE**

DATED:  August 24, 2011.                           s/ Alan M. Anderson
                                                                     Alan M. Anderson (149500)
                                                                     Alan Anderson Law Firm LLC
                                                                     Suite 1260 The Colonnade
                                                                     5500 Wayzata Blvd.
                                                                     Minneapolis, MN 55416
                                                                     Tel:  612-756-7000
                                                                     Fax:  612-756-7050
                                                                     Email:  aanderson@anderson-lawfirm.com

OF COUNSEL:

Steven R. Daniels
Texas State Bar No. 24025318
Farney Daniels LLP
800 S. Austin Ave., Suite 200
Georgetown, TX  78626
Telephone:     (512) 582-2820
E-mail: steven_r_daniels@yahoo.com

                                                                     **ATTORNEYS FOR
                                                                     DEFENDANT/COUNTER-CLAIMANT
                                                                     PJC LOGISTICS, LLC**