**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re:  VEHICLE TRACKING AND SECURITY SYSTEM ('844) PATENT LITIGATION | MDL No. 2249 |
| XATA CORPORATION, <br><br> Plaintiff, <br><br> v.   Civil No. 0:11-cv-00871-DWF-SER <br><br> PJC LOGISTICS, LLC, <br><br> Defendant. | **XATA'S ANSWER TO PJC LOGITICS' COUNTERCLAIM** |

Plaintiff XATA Corporation ("XATA"), for its Answer to defendant PJC Logistics, LLC's Complaint, pleads as follows:

1.      PJC Logistics, LLC ("PJC") is a limited liability company organized under the laws of Texas with its principal place of business at 777 Enterprises Drive, Hewitt, Texas 76643.

**ANSWER:**   Admitted.

2.      Upon information and belief, and as averred in its Complaint, XATA Corporation is a Minnesota corporation with its principal place of business at 965 Prairie Center Drive, Eden Prairie, Minnesota 55344.

**ANSWER:**   Admitted.

3.      This is a counterclaim for infringement of U.S. Patent No. 5,223,844 ("the '844 Patent").

**ANSWER:**   Admitted.

4**.**      PJC is the assignee and owner of the right, title and interest in and to the '844

Patent, including the right to assert all causes of action arising under said patent and the right to

any remedies for infringement of it.

**ANSWER:**      XATA admits that PJC has alleged that it is the owner by assignment of

United States Patent No. 5,223,844, issued on June 29, 1993, to John P. Mansell and William M.

Riley ("the '844 Patent").   The '844 Patent is entitled "Vehicle Tracking and Security System."

XATA lacks knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph 4.

5.      This action arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*

This Court has subject matter jurisdiction over this controversy based on 28 U.S.C. §§ 1331 and

1338(a).

**ANSWER:**      Admitted.

6.      This Court has personal jurisdiction over XATA because XATA has submitted to

the jurisdiction of the Court by the filing of its Complaint in this case.

**ANSWER:**      Admitted.

7.      This Court has personal jurisdiction over XATA because its principal place of

business is in Minnesota and it transacts business in the state of Minnesota and regularly

contracts to supply goods and services in the state of Minnesota.

**ANSWER:**      Admitted.

8**.**      Venue is proper under 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400.

However, in light of the first-filed action on the patent-in-suit in the United States District Court

for the Northern District of Texas, that Court is the more appropriate venue for this action.

**ANSWER:**   XATA admits that venue is proper in the District of Minnesota.  XATA denies that the Northern District of Texas is an appropriate venue for this action.

9**.**      XATA has knowingly and intentionally engaged in the manufacture, use distribution, sale and offer for sale and/or import of fleet management and tracking systems and/or services that infringe the patent in suit, as is alleged below. XATA uses, and/or directs, induces or instructs its agents, employees, customers, or contracting entities to use electronic position-based fleet management and tracking systems and services that infringe the patent in suit, as is alleged below. On information and belief, XATA conducts business in this Judicial District and has committed acts of patent infringement in this Judicial District including, *inter alia,* importing, making, using, offering for sale, and/or selling infringing electronic position based fleet management and tracking systems and/or services in this Judicial District.  On information and belief, XATA has knowingly and actively contributed to infringement and/or has induced others to commit such acts of infringement in this Judicial District.

**ANSWER:**   Denied.

10.     Paragraphs 1 through 9 are incorporated herein by reference and realleged.

**ANSWER:**   Paragraph 10 requires no responsive pleading.   XATA incorporates its responses to Paragraphs 1-9 above.

11.     PJC is the lawful owner, by assignment, of the entire right, title and interest in U.S. Patent No. 5,223,844, entitled "Vehicle Tracking and Security System," which was duly and legally issued on June 29, 1993, by the United States Patent & Trademark Office.  A true and correct copy of the '844 patent is attached as Exhibit A.

**ANSWER:**   XATA admits that PJC has alleged that it is the owner by assignment of United States Patent No. 5,223,844, issued on June 29, 1993, to John P. Mansell and William M.

Riley ("the '844 Patent"). The '844 Patent is entitled "Vehicle Tracking and Security System." XATA lacks knowledge or information sufficient to form a belief as to the truth of the ownership allegations set forth in paragraph 11. XATA denies that the '844 patent was duly and legally issued. XATA admits that PJC attached a copy of the '844 patent to its Counterclaim.

12**.** Without license or authorization, XATA is and has been knowingly and intentionally directly and indirectly infringing the '844 Patent, and contributing to and actively inducing the infringement of said patent by others in the United States, by making, using, selling, offering for sale and/or importing in the United States, including within this judicial district, certain electronic fleet management systems that embody the inventions claimed in the '844 Patent. Such acts constitute infringement under at least 35 U.S.C. §§ 271(a), (b), and (c).

**ANSWER:** Denied.

13. XATA has had knowledge of and/or been aware of the '844 Patent since at least April 5, 2011, when, in a letter sent via certified mail, PJC informed XATA of its infringement of the '844 Patent and requested that XATA license the '844 Patent in order to mitigate its continued infringement.

**ANSWER:** XATA admits that it received a letter from PJC around April 5, 2011 advising XATA of the existence of the '844 patent. XATA denies each and every other allegation in paragraph 13.

14. Upon information and belief, XATA's infringement of the '844 Patent has been and continues to be willful and deliberate.

**ANSWER:** Denied.

15.     As a result of XATA's infringement of the '844 Patent, PJC has suffered loss and damage, and is entitled to an award of damages from XATA, the precise amount to be determined at trial but in no event less than a reasonable royalty.

**ANSWER:**     Denied.

16.     Without license or authorization, XATA is and has been knowingly and intentionally directly and indirectly infringing the '844 Patent, and contributing to and actively inducing the infringement of said patent by others in the United States, by making, using, selling, offering for sale and/or importing in the United States, including within this judicial district, certain electronic fleet management systems that embody the inventions claimed in the '844 Patent.  Such acts constitute infringement under at least 35 U.S.C. § § 271 (a), (b), and (c).

**ANSWER:**     Denied.

17.     XATA has had knowledge of and/or been aware of the '844 Patent since at least April 8, 2011 when XATA filed a Complaint for Declaratory Judgment against PJC.

**ANSWER:**     Admitted.

18.     On information and belief, XATA's infringement of the '844 Patent has been and continues to be willful and deliberate.

**ANSWER:**     Denied.

## PJC'S PRAYER FOR RELIEF

**ANSWER:**     XATA denies that PJC is entitled to any relief.

## DEFENSES

XATA hereby asserts the following defenses with knowledge as to its own actions and on information and belief with respect to the actions of others, and without undertaking or otherwise

shifting any applicable burdens of proof.  XATA reserves the right to assert additional defenses, as warranted by facts learned through investigation and discovery.

## FIRST DEFENSE - NON-INFRINGEMENT

1.      XATA does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of the '844 Patent under any theory, including literal infringement or infringement under the doctrine of equivalents.

## SECOND DEFENSE - INVALIDITY

Each claim of the '844 Patent is invalid for failure to comply with one or more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and 305.

## THIRD DEFENSE - PROSECUTION HISTORY ESTOPPEL

By reason of the proceedings in the United States Patent and Trademark Office during both the prosecution of the application that resulted in issuance of the '844 Patent and the reexamination of the '844 Patent, as shown by the prosecution histories thereof, PJC is estopped, in whole or in part, from maintaining that XATA infringes or has infringed the '844 Patent.

## FOURTH DEFENSE - INTERVENING RIGHTS

PJC's claims for relief concerning any claim added to the '844 Patent during reexamination or any claim substantively amended during reexamination are barred, in whole or in part, by the doctrine of intervening rights and/or 35 U.S.C. §§ 252, 307.

## FIFTH DEFENSE - LIMITATION ON DAMAGES

The relief sought by PJC is barred in whole or in part by 35 U.S.C. §§ 286 and/or 287.

## SIXTH DEFENSE - ADEQUATE REMEDY AT LAW

PJC is not entitled to injunctive relief because any alleged injury to PJC is not immediate or irreparable and PJC has an adequate remedy at law.

## SEVENTH DEFENSE - LACHES

The United States Patent and Trademark Office issued the '844 Patent on June 29, 1993.

PJC did not bring suit against XATA until April 2011.

PJC's claim for relief for infringement of the '844 Patent is barred in whole or in part under the doctrine of laches by virtue of the inexcusable delay in bringing suit against XATA.

XATA restates and incorporates the demand for judgment set forth in its Complaint for Declaratory Judgment dated April 8, 2011.


Dated: September 19, 2011                    FISH & RICHARDSON P.C.


                          By:/s/ Michael E. Florey
                             Michael E. Florey (#214322)
                             Mathias W. Samuel (#272164)
                             David A. Gerasimow (#389309)
                             3200 RBC Plaza
                             60 South 6th St.
                             Minneapolis, MN 55402
                             Telephone: (612) 335-5070
                             Facsimile: (612) 288-9696
                             E-mail:  florey@fr.com

                             **Attorneys for Plaintiff**
                             **XATA CORPORATION**