# EXHIBIT A

EXHIBIT A

# FISH & RICHARDSON P.C.



3200 RBC Plaza
60 South Sixth Street
Minneapolis, Minnesota
55402

Telephone
612 335-5070

Facsimile
612 288-9696

Web Site
www.fr.com

**Michael E. Florey**
612 337-2505

Email
florey@fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

April 2, 2012

**VIA ELECTRONIC MAIL**

W. Bryan Farney
Farney Daniels LLP
800 South Austin Ave., Suite 200
Georgetown, Texas 78626-5845



Re:  *In re Vehicle Tracking and Security System ('844) Patent Litigation*;
MDL No. 11-2249 (DWF/SER)

ATLANTA
AUSTIN
BOSTON
DALLAS
DELAWARE
HOUSTON
MUNICH
NEW YORK
SILICON VALLEY
SOUTHERN CALIFORNIA
TWIN CITIES
WASHINGTON, DC

Dear Bryan,

Pursuant to the Court's Order at the March 22nd status hearing, I write regarding deficiencies in PJC Logistics, LLC's ("PJC") infringement contentions received March 15th. I also write regarding PJC's request for premature non-infringement and invalidity contentions from Xata Corporation ("Xata"), and also to notify PJC that Xata and its customers intend to file a motion to stay the customer actions on or before April 18th. Each item is discussed in turn below.

### I. Deficiencies in PJC's Infringement Contentions

PJC failed "to come forward first with detailed infringement contentions and a detailed factual basis for each such contention," as ordered by the Court and as agreed upon by the parties in their joint Rule 26(f) report. (*See* Dkt. Nos. 42, 44.) For example:

- PJC failed to allege any indirect infringement. PJC admits it has no contention in this respect. (*See, e.g.*, PJC's infringement contentions against Xatanet, n.1.)

- PJC failed to allege infringement under the doctrine of equivalents. Again, PJC admits it has no contention in this respect. (*See, e.g., id.*)

- PJC failed to provide any factual basis that certain limitations were met by the accused systems and methods. Instead, for a number of limitations, PJC merely asserts, without stating any basis for its belief, that "[d]iscovery and/or expert testimony is expected to show" that the limitation is met. (*See, e.g., id.* at 4, 6, 12.) PJC must state the factual basis for believing each and every limitation of the asserted claims is satisfied.

**EXHIBIT A**

FISH & RICHARDSON P.C.

W. Bryan Farney
April 2, 2012
Page 2

- PJC failed to identify which elements within the accused systems or methods meet the limitation in question. Instead, PJC merely parrots the language of the claim. PJC must identify where each limitation can be found within the accused systems and methods.

- PJC improperly included charts for systems that we understand are licensed to practice the '844 patent (*e.g.*, Qualcomm, Peoplenet). Licensed systems cannot infringe as a matter of law, and PJC should remove any such systems from its contentions.

- PJC failed to identify any corresponding structure in the specification for limitations that PJC contends are means-plus-function limitations. (*See, e.g.*, PJC's infringement contentions against Xatanet, 3.) PJC did not perform any § 112, ¶ 6 analysis, and the cited portion of the specification does not recite any structure. Without this analysis, Xata cannot fully evaluate PJC's infringement contentions or fully respond with non-infringement contentions.

We request that you provide supplemental infringement contentions addressing these deficiencies on or before April 16th. Please be advised that, absent any such supplementation, we intend to seek to preclude PJC from amending or supplementing its infringement contentions at a later date. Xata and its customers also reserve the right to preclude PJC from asserting additional claims or identifying additional accused systems or methods.

Furthermore, PJC's infringement contentions do not demonstrate infringement. Xata and its customers continue to deny that they infringe, or have ever infringed, the asserted claims of the patent-in-suit. Xata and its customers intend to provide non-infringement contentions at the appropriate juncture, as discussed below. Please be advised, however, that the preparation of any such non-infringement contentions is necessarily hindered by the deficiencies in PJC's claim charts, as well as PJC's general failure to provide any meaningful explanation or analysis.

II.     **Xata's Non-Infringement and Invalidity Contentions**

Xata intends to provide non-infringement and invalidity contentions consistent with the schedule already adopted by the Court and as agreed upon by the parties. (*See* Dkt. Nos. 42, 44.) Regarding non-infringement contentions, the Court already stated that PJC was to provide its infringement contentions first and defendants were to provide non-infringement contentions 60 days later. (*See* Dkt. No. 44 at 2.) Likewise, the parties' Rule 26(f) report provides that Defendants' invalidity contentions are due 45 Days after PJC's infringement contentions. (*See* Dkt. No. 43, Ex. C.) At no point during the negotiation of that report did PJC make any request for early non-infringement contentions from declaratory judgment plaintiffs. In any

FISH & RICHARDSON P.C.

W. Bryan Farney
April 2, 2012
Page 3

event, at the March 22nd status conference, the Court put deadlines on hold pending resolution of the issues surrounding PJC's infringement contentions.

We see no reason to deviate from this schedule. Xata only sued PJC for a declaration of non-infringement after PJC already sued Xata's customers for infringement. In any event, PJC has since sued Xata affirmatively for infringement, bringing both patent infringement claims and counterclaims. (*See* N.D. Tex. No. 3:11-cv-815, now D. Minn. No. 0:11-cv-2999, Dkt. No 1; *see also* D. Minn. No. 0:11-cv-871, Dkt. No. 6.)

The purported distinction PJC draws between declaratory judgment plaintiffs and ordinary defendants is without any basis. Indeed, the patent local rules of the Northern District of California – which the Court expressly cited in its February 25th Order – do not make this distinction. To the contrary, these rules require declaratory judgment defendants who bring infringement claims – just like PJC here – to go first. (*See* N.D. Cal. P.L.R. 1-2 & 3-1.)

In your March 26th email, PJC purported to "exercise its right" to require premature non-infringement and invalidity contentions. However, your email did not state any basis for your belief that PJC has any such right. We are not aware of any basis. Please provide us with this basis, if it exists, on or before April 16th so that we may re-consider your request if appropriate.

### III.    Motion to Stay Customer Suits

As discussed at the March 22nd status conference, Xata and its customers intend to ask the Court to stay the actions against Xata's customers to the extent they relate to Xata's customers. We intend to file the motion no later than April 18th so that it can be heard at the May 30th status conference.

According to PJC's infringement contentions, PJC's sole basis for claiming infringement by Xata's customers is their alleged use of Xata systems. Indeed, PJC simply provided the same set of claim charts to Xata and each of its twenty-three customers. A stay is plainly appropriate in these circumstances. This remains true even if PJC requires limited third-party discovery to establish acts of alleged direct infringement or to develop damages theories. Requiring all of Xata's customers to participate in every aspect of this litigation wastes the parties' resources as well as the Court's.

Please advise us of your availability to meet and confer so that we may work to address PJC's concerns. We are willing to make arrangements for PJC to obtain the limited discovery it might need from Xata's customers. Given that the motion is due April 18th, we ask that we discuss these issues sometime this week.

**EXHIBIT A**

FISH & RICHARDSON P.C.

W. Bryan Farney
April 2, 2012
Page 4


Sincerely,

*/s/ Michael E. Florey*

Michael E. Florey

ATTORNEY FOR DEFENDANTS XATA CORPORATION, ALLIED VAN LINES, INC., CYPRESS TRUCK LINES, INC., DEDICATED LOGISTICS, LLC, EAGLE MOTOR LINES, LLC, EASTERN FREIGHTWAYS, INC., EQUITY TRANSPORTATION COMPANY, INC., ESTES EXPRESS LINES, FIKES TRUCK LINE, LLC, GULLY TRANSPORTATION, INC., J.B. HUNT TRANSPORT SERVICES, INC., LONE STAR TRANSPORTATION, LLC, MGM TRANSPORT CORP., NEW CENTURY TRANSPORTATION, LLC, NORTH AMERICAN VAN LINES, INC., ORMSBY TRUCKING, INC., QUALITY DISTRIBUTION, INC., RUAN TRANSPORTATION MANAGEMENT SYSTEMS, INC., SOUTHEASTERN FREIGHT LINES, INC., SOUTHERN CAL TRANSPORT, INC., U.S. XPRESS ENTERPRISES, INC., WARD TRUCKING, LLC, WEINRICH TRUCK LINE, INC., and WILSON TRUCKING CORPORATION.

60761893.doc

**EXHIBIT A**