# FARNEY DANIELS LLP

800 South Austin Ave., Suite 200
Georgetown, Texas 78626-5845
512-582-2828
www.farneydaniels.com

April 30, 2012

Honorable Donovan W. Frank  　　　　　Honorable Steven E. Rau
United States District Court  　　　　　　Magistrate Judge
for the District of Minnesota  　　　　　　United States District Court
724 Federal Building  　　　　　　　　　334 Warren E. Burger Federal Courthouse
316 N. Robert Street  　　　　　　　　　316 N. Robert Street
St. Paul, MN 55101  　　　　　　　　　　St. Paul, MN 55101

　　　　Re:　*In re: Vehicle Tracking and Security System ('844) Patent Litigation*; MDL No. 11-2249 (DWF/SER) – **THIS FILING RELATES TO ALL ACTIONS: <u>Overview Letter Applicable to All Defendants</u>**

Dear Judge Frank and Magistrate Rau:

　　　　Plaintiff PJC Logistics, LLC ("PJC") submits this letter pursuant to the Pretrial Orders Nos. 44 and 72 to address common issues applicable to all Defendants' objections regarding the adequacy of PJC's Preliminary Infringement Contentions ("PICs").[1]

## I.　Introduction

　　　　At their core, Defendants' near-identical, boilerplate objections boil down to a fundamentally mistaken insistence that *preliminary* infringement contentions are required to *prove* the infringement case before any discovery has been taken. This is not the correct standard governing sufficiency of infringement contentions – contentions are not, and indeed have *never* been, a substitute for summary judgment or trial. Rather, as they are applied in *every* district that has patent rules, infringement contentions are a *discovery tool* that need only include enough detail to provide notice of what the infringement theory is to Defendants.

　　　　Indeed, as shown in the Defendant-specific letters appended hereto, PJC's PICs in fact set out a detailed roadmap to each Defendant's infringement. For instance, although Defendants broadly assert that PJC has not identified each element of each asserted claim in their products, PJC's PICs in fact *specifically identify* what structures in Defendants' products comprise each element, and also set out evidence of their presence. In other words, far from being "inadequate," PJC's PICs go beyond what courts have traditionally required of PICs. *See e.g.*, *Samsung SDI Co. v. Matsushita Elec. Indus. Co.*, 2006 U.S. Dist. LEXIS 97060 at *5-6 (C.D. Cal. Jun. 5, 2006) (contentions need not provide evidentiary support, discussed *infra*).

　　　　PJC invites the Court to review the PICs side-by-side with the Defendants' objections, which are attached as exhibits to the Defendant-specific letters. Even a cursory examination will show that Defendants' continued insistence that PJC's PICs are inadequate simply ignores the

---

[1] Plaintiff PJC understands from Defendants' counsel that they intend to file a common overview letter, and then individual letters, and will follow the same format.

high level of detail in the contentions themselves, and is entirely at odds with the purpose that infringement contentions are designed to serve.

## II.   Background

The subject matter of these proceedings is not complicated: The field to which the asserted patent, U.S. Patent No. 5,223,844 ("the '844 patent"), relates is vehicle telematics, which refers to technology for monitoring and transmitting information about a vehicle.[2] More particularly, the '844 patent discloses a system wherein information about a vehicle, including its location and conditions (*e.g.* engine temperature, hard braking, speed, etc.), are collected and transmitted from the vehicle by an apparatus that the patent dubs the "mobile unit." The Defendants in this case are each involved in the field of vehicle telematics as well – specifically, each Defendant is either in the business of providing telematics systems, providing services relying on telematics systems, or in using telematics systems. As such, each Defendant provides for or uses an apparatus to gather and transmit such information from the vehicle. Two of the claims asserted against the Defendants, claims 7 and 12, are directed to this apparatus, or "mobile unit."

Given the straightforward nature of the technology at issue, this is simply *not* a case where, absent detailed disclosures, accused infringers would have little idea of what the issues are until late in the case.[3] In truth, the fundamental purpose of PICs, which is to make defendants aware of the target of Plaintiff's infringement claim, and to guide discovery thereto, have been satisfied in this case from the beginning. Indeed, *even before PJC provided its first set of Preliminary Infringement Contentions*, the Defendants sent the Court a letter that identified two specific claim limitations which, they contended, would eventually prove material to finding infringement. *See* Joint Defendants' Letter Brief (Dkt. No. 39) at 3.[4]

It was in that very same letter that Defendants inconsistently complained that, without further disclosures, they did not even know the "basis upon which [they have] been hauled into court." Dkt. No. 39 at 1. PJC subsequently provided Defendants the first set of PICs on March 15, 2012. On April 2nd, per the Court's order, Defendants provided their objections to those PICs.

---

[2] *See* Hughes Systique Corporation white paper, "Automotive Telematics," available at: http://www.telematicsinfo.jp/whitepaper/779.pdf, attached to Letter Brief re: XATA Corp., Exh. C-2.

[3] *See e.g.,* Peter S. Menell et al., *Patent Case Management Judicial Guide,* at ch. 2 p. 6,9; ch 4 p. 2 (available at: http://ssrn.com/abstract=1328659)

[4] Specifically, Defendants contended that "PJC cannot prove infringement of claim 7 unless it shows that defendants' systems have a 'means for determining whether or not the cellular telephone transmitter is in range of a cellular telephone network,' and it cannot prove infringement of claim 12 unless it shows transmission of signals with a 'priority designation.'" Dkt. No. 39 at 3.

By this recitation of the contents of Defendants' Joint Letter, PJC does not by any means represent that it agrees with Defendants' assessment of the issues, nor that that Defendants' characterization of the '844 patent is accurate. Indeed, considering that discovery has not yet begun, PJC can only assume that Defendants are able to make this assessment based on information in Defendants' custody and control. PJC urges the Court, however, to take into consideration Defendants' own inconsistent representations regarding the extent of their confusion about the case when evaluating whether the Defendants still need more information.

PJC reviewed Defendants' letters, and even though the complaints were meritless, PJC provided even more detailed PICs to Defendants on April 16th so as to moot this meaningless skirmish. PJC urged Defendants to review the supplemented PICs in good faith, because they were specifically drafted so as to address the complaints (regardless of merit) identified by Defendants' April 2nd letters. In particular, PJC's PICs specifically pointed out where each element of each asserted claim is found in the accused products, and moreover how each element is met.

Remarkably, this extensive supplementation was met with a response *en masse* by Defendants in less than a day, and in some cases only a few hours later, with near-identical, boilerplate letters asserting without explanation that the PICs were inadequate for the same reasons outlined in their earlier letters. These statements were made despite admissions by Defendants that their review was merely "preliminary" or in some cases *nonexistent*. *E.g.* Letter Brief re: Mercedes-Benz USA, LLC, Exh. B.

Having notice only that Defendants are maintaining the objections identified in Defendants' first round of letters, PJC addresses those concerns below, and in the letters specific to each Defendant. It will be shown that PJC's PICs provide more than sufficient detail under the applicable standard of this district, as well as any other district that requires infringement contentions, and as such Defendants' objections should be dismissed.

### III.   Legal Standard Applicable to PICs

The substantive requirements for PJC's Infringement Contentions set out in this Court's Pretrial Order dated February 25, 2012 (Dkt. No. 44) are consistent with those in Local Patent Rules' Form 4, which are in turn substantially similar to requirements for infringement contentions applied in other districts that have adopted local patent rules.[5] *Not one* of these districts, however, requires infringement contentions to provide disclosures sufficient to *prove* infringement, as the Defendants here demand. To the contrary, determining the sufficiency of *preliminary* infringement contentions, particularly in the *absence of any discovery*, is essentially a determination of whether Defendants have been given notice of PJC's infringement theory, which, as shall be demonstrated with respect to each Defendant in the attached letters, they clearly have.

---

[5] In relevant part, the Pretrial Order states:

> Plaintiff shall submit its Claim Chart identifying the following: (1) which claim(s) of its patent(s) it alleges are being infringed; (2) which specific products or methods of Defendants' it alleges literally infringe each claim; and (3) where each element of each claim listed in (1) is found in each product or method listed in (2), including the specific factual basis for each contention that the element is present. If there is a contention by Plaintiff that there is infringement of any claims under the doctrine of equivalents, Plaintiff shall separately indicate on its Claim Chart and, in addition to the information required for literal infringement, Plaintiff shall also explain each function, way, and result that it contend are equivalent, and why it contends that any differences are not substantial.

*Compare* with P.R. 3-1 of the Eastern District of Texas' Patent Rules; L.P.R. 3-1 of the Northern District of California's Local Patent Rules.

### A.   *PICs Provide Notice of Infringement* **Theory,** *Not Substitute for Trial*

The courts of all districts that have patent rules are generally in agreement that "proper infringement contentions provide a defendant with notice of a plaintiff's infringement theories." *Whipstock*, 2010 U.S. Dist. LEXIS 1395 at *3 (emphasis added); *also e.g., Samsung SDI Co. v. Matsushita Elec. Indus. Co.*, 2006 U.S. Dist. LEXIS 97060 at *5-6 (C.D. Cal. Jun. 5, 2006) (infra); *Shurtape Tech., LLC v. 3M Co.*, 2011 U.S. Dist. LEXIS 116698 at *4-6 (W.D.N.C. Oct. 6, 2011) ("In general, the purpose of preliminary infringement contentions is to provide defendants with notice of infringement beyond the claim language itself") (*collecting cases*).

As such, the level of detail required of PICs must be gauged with this purpose in mind. In particular, as several courts have put it, while infringement contentions must "contain sufficient detail regarding the plaintiff's theory of infringement 'to provide defendants with notice of infringement beyond the claim language itself,'" they do *not* require a plaintiff to "'produce evidence of infringement or to set forth ironclad and irrefutable claim constructions' or 'to provide [evidentiary] support for its contentions.'" *Samsung*, 2006 U.S. Dist. LEXIS 97060 at *5-6 (emphasis added, brackets in original), citing *Network Caching Tech., LLC v. Novell, Inc.*, 2003 U.S. Dist. LEXIS 9881 at *13-14 (N.D. Cal. Mar. 21, 2003).

In particular, for the notice function to be accomplished, it is sufficient for contentions to map claim elements to accused products by citing to circumstantial evidence such as marketing materials, rather than by means of reverse engineering and the like. *See e.g., Fusionarc, Inc. v. Solidus Neworks, Inc.*, 2007 U.S. Dist. LEXIS 28970 at *4, 8 (N.D. Cal. Apr. 5, 2007) (denying defendant's motion to strike preliminary contentions where contentions sufficiently "link[ed] [plaintiffs] contentions regarding [defendant's] accused systems to the claims of the patent" by mapping claim elements to defendant's "marketing materials and similar descriptions of how its systems operate and *not* on any process of 'reverse engineering' or similar process") (emphasis in original).

What infringement contentions are not, and have *never* been considered, is a substitute forum for "pre-trying" the merits of the case. *E.g. Shurtape Tech., LLC v. 3M Co.*, 2011 U.S. Dist. LEXIS 116698 at *4-6 (W.D.N.C. Oct. 6, 2011) (denying defendant's motion to compel supplementation where contentions already list where each claimed element is found in accused products, but did not explain why "absorbent" limitation was met, because "infringement contentions are not the correct stage to 'pre-try the case…by conducting a highly detailed and rigorous analysis of the *preliminary* claim infringement contentions'") (emphasis added). Thus, once defendants are on notice of what plaintiff's infringement positions are , they should not be allowed to masquerade disputes with the *merits* as criticism regarding the sufficiency of PICs. *See e.g., Certain Personal Data and Mobile Communications Devices and Related Software* (Inv. No. 337-TA-710).  For instance, in the *Certain Personal Data* investigation, the ITC properly rejected as premature the defendants' objection that a plaintiff's contention regarding infringement under the Doctrine of Equivalents was not sufficiently detailed,[6] because plaintiff

---

[6] Specifically, the plaintiff had alleged that "each element is also met by [the accused products] under the doctrine of equivalents...[because] the differences, if any, between the claim elements and [accused products] are insubstantial, and the application performs substantially the same function in substantially the same way with substantially the same result as the claim elements."

should not be forced to lay out an equivalents case premised on defendants' differing claim construction positions. *Id.* at 3.

### B. PICs Guide Discovery, But Do Not Replace It

The adequacy of infringement contentions is not measured by a lack of need for discovery. Rather, infringement contentions are a *discovery aid*, and *every* district requiring them also identifies further discovery from defendants as the vehicle for supplementation if a court determines supplementation is necessary. *See, e.g., STMicroelectronics, Inc. v. Motorola, Inc.*, 308 F. Supp. 2d 754, 755 (E.D. Tex. 2004)(denying defendant's motion to compel supplementation of preliminary contentions, reasoning that the Patent Rules "allow for an initial disclosure with additional detail supplemented in later disclosures because those rules allow parties to supplement their preliminary infringement contentions when technical information is produced during discovery"); *Fusionarc*, 2007 U.S. Dist. LEXIS 28970 at *9 (denying defendant's motion to strike PICs as lacking sufficient evidentiary support because at contention stage, plaintiff "cannot now be required as a practical or legal matter somehow to articulate post-hoc facts it does not possess to amend its PICs").

In particular, the level of specificity of preliminary contentions is necessarily limited by the extent to which information is available without discovery. Claims implicating software functions, which is the case for some of the limitations in the asserted claims here, are the archetypal situation in which less specificity is required of PICs, precisely because all that might be "known" about software function, absent discovery, is information concerning *the end result of that software having been executed*, or "manifestations" of the software source code. *See e.g., Am. Video Graphics, LP v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558 (E.D. Tex. 2005) (denying defendants' motion to compel supplementation of contentions because "prior to discovery, plaintiffs usually only have access to the manifestation of the defendants' allegedly infringing source code and not the code itself," such that "until plaintiffs have access to it plaintiffs are typically unable to give highly specified infringement contentions."). Such "manifestations" may be shown by reference to circumstantial evidence such as a defendant's marketing materials. *See e.g., Fusionarc*, 2007 U.S. Dist. LEXIS 28970 at *4, 9 (*supra*). PJC's PICs here provide more than is required at this stage for the limitations in the asserted claims that implicate software functions, as will be shown in the letters related to specific defendants.

### IV. Conclusion

As will be shown in detail with respect to each Defendant in the letters appended hereto, and can be seen from even a cursory review of the attached Contentions, PJC's Contentions go beyond what is required of preliminary contentions and provide Defendants with a detailed roadmap to their infringement. Defendants' objections should be disregarded.

Honorable Donovan W. Frank  
Honorable Steven E. Rau  
April 30, 2012  
Page 6

Respectfully Submitted,

*/s/ Bryan Farney*

Bryan Farney

Counsel for PJC Logistics LLC