# FARNEY DANIELS LLP

800 South Austin Ave., Suite 200
Georgetown, Texas 78626-5845
512-582-2828
www.farneydaniels.com

May 8, 2012

| | |
|---|---|
| Honorable Donovan W. Frank | Honorable Steven E. Rau |
| United States District Court | Magistrate Judge |
| for the District of Minnesota | United States District Court |
| 724 Federal Building | 334 Warren E. Burger Federal Courthouse |
| 316 N. Robert Street | 316 N. Robert Street |
| St. Paul, MN 55101 | St. Paul, MN 55101 |

Re:   *In re: Vehicle Tracking and Security System ('844) Patent Litigation*; MDL No. 11-2249 (DWF/SER) – **THIS FILING RELATES TO ALL ACTIONS (EXCEPT THE GM-RELATED ACTIONS): Reply to Defendants' Joint Letter Brief**

Dear Judge Frank and Magistrate Rau:

Plaintiff PJC Logistics, LLC ("PJC") submits this Reply to address the Defendants' letter brief to the Court dated April 30, 2012 (Dkt. No. 79, hereinafter "Joint Letter" or "Defendants' Joint Letter") regarding the adequacy of PJC's Preliminary Infringement Contentions ("PICs"). The Defendants' attempt to shoehorn irrelevant arguments relating to pre-filing investigations into their briefing not only ignores the applicable procedural rules, but merely highlights the fact that they cannot find any actual deficiency in the PICs.

### A. Defendants' Invocation of Rule 11 is Irrelevant to the Court's Pretrial Orders Nos. 44 and 72 and Violates the Rules of Procedure

By shoehorning irrelevant statements relating to the standard for pre-filing investigations into their briefing, the Defendants are attempting to make an end-run around both the Federal Rules of Civil Procedure and the Court's Orders. For all their posturing, the Defendants conspicuously neglect to point out to the Court that in **over a year since the instant proceedings began**, not a *single* Defendant has so much as *attempted* to initiate Rule 11 proceedings by serving a draft motion on PJC as required by the Federal Rules. Joint Letter at 2-3; Fed. R. Civ. P. 11(c)(2). Moreover, the Court's Pretrial Orders relating to the PICs and the instant briefing directed Defendants to review PJC's PICs and point out any outstanding issues *relating to sufficiency of the PICs*; the Court did not invite Defendants to turn this process of preliminary discovery into a sanctions process wholly outside the Federal Rules. Dkt. Nos. 44 and 72. Yet, Defendants for the most part do not even attempt to point out alleged deficiencies in the PICs (because there are none) and instead vaguely allege purported Rule 11 "concerns" that are both baseless and simply irrelevant to the matter at hand. *See, e.g., Fusionarc, Inc. v. Solidus Networks, Inc.*, 2007 U.S. Dist. LEXIS 28970 at * 7-8 (N.D. Cal. Apr. 5, 2007) (rejecting defendants' purported Rule 11 objections as irrelevant to sufficiency of the PICs and a premature attempt to force resolution of the merits). For instance, Defendant Mercedes-Benz USA, LLC ("Mercedes") devotes nearly *the entirety* of its letter to the Court to reciting the standards for pre-filing investigation, and yet

the only "deficiency" it identifies relates to PJC's Doctrine of Equivalents allegations. As discussed in PJC's Letter addressing Mercedes' objections (Dkt. No. 85), these were in fact sufficient.

Thus, although the Federal Rules and the Court's Orders are abundantly clear on this point, Defendants have persisted in ignoring the Court's instructions to identify any alleged deficiencies in the PICs, instead wasting pages of briefing and the Court's time on addressing matters that are not even properly before the Court. As such, PJC respectfully requests the Court to reject this attempt by Defendants to circumvent the discovery process and to continue to raise Rule 11 allegations in a manner that is procedurally improper. *See, e.g., Vasudevan Software, Inc. v. Int'l Business Machines Corp.*, 2011 U.S. Dist. LEXIS 33132 at *17-20 (N.D. Cal. Feb. 18, 2011) (rejecting defendant's motion to compel discovery as improperly attempting to circumvent procedures required by Rule 11).

### B. *Defendants' Specious Concerns Are a Thinly-Veiled Delay Tactic*

Significantly, in addition to raising their procedurally improper, irrelevant "Rule 11 concerns," Defendants' Letters have failed to point to any *actual* deficiencies in PJC's PICs. Indeed, as the Court can easily observe from both the PICs themselves as well as PJC's April 30 letter briefs, PJC has amply complied with the Court's Orders by identifying where it believes each claimed element lies in Defendants' products. Dkt. No. 80 (PJC's Overview Letter Applicable to All Defendants); *see also* Dkt. Nos. 82, 83, 85-87 (PJC's Letters addressing particular Defendants and attached Exhibits). Moreover, PJC has also identified its allegations with respect to indirect infringement and the Doctrine of Equivalents. *E.g.*, Dkt. No. 80 at 4-5; Dkt. No. 85 at 4 (PJC's Letter re: Mercedes-Benz USA, LLC).

Defendants, however, apparently turned a blind eye to the content of PJC's PICs, and now simply repeat objections that are clearly baseless. *E.g.,* Defendants' Joint Letter at 3-5 (arguing that PJC did not allege Doctrine of Equivalents). The level of detail provided in the PICs puts to rest any assertion that there was not an element-by-element analysis of Defendants' products as required at this early stage of the litigation.

The Court should reject Defendants' objections and direct the parties to begin discovery in accordance with the previously agreed pretrial schedule.

> Respectfully Submitted,
>
> *Bryan Farney*
>
> Bryan Farney
>
> Counsel for PJC Logistics LLC